UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

[redacted] 05 132 ML

ARTHUR D'AMARIO, III :

v. :

WILLIAM E. SMITH; :
ROBERT W. LOVEGREEN; :
BARRY J. WEINER :

VERIFIED COMPLAINT

1. This is a civil action for compensatory and punitive money damages and for injunctive relief, under the authority of Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

2. Plaintiff is a citizen and resident of Rhode Island.

3. Defendants are citizens and residents of Rhode Island who are sued in their personal capacities only. Defendant Smith is a sitting federal district judge. Defendant Lovegreen is a retired magistrate-judge. Defendant Weiner is chief probation officer for the district of Rhode Island.

4. The Defendants' conduct described below was carried out in concert and under color of federal law, depriving Plaintiff of rights and privileges conferred by the U.S. Constitution, statutes and Bureau of Prisons policies.

Nature of Claim

5. On or about Sept. 2003, Defendants Lovegreen and Smith learned that Defendant Weiner was in possession of a critical piece of evidence that Plaintiff needed and had a right of access to, so that he could have his rights enforced in a criminal case. Smith and Lovegreen ordered Weiner to destroy the evidence to obstruct justice, and to lie that it never existed, while assuring him that he'd not be prosecuted.



(1)

6. In the autumn and winter of 2003-04, Lovegreen and Smith ordered court clerks to not mail Plaintiff copies of orders, or to mail them to the wrong address to create procedural problems for him.

7. In the winter of 2003-04, all Defendants enticed the U.S. Marshals Service and/or the BOP to spread false rumors throughout the prison system that Plaintiff was in jail for "child molestation," thereby exposing him to beatings, threats, slanders and humiliation.

8. In the summer of 2004, all Defendants coerced the Marshals and BOP to intercept, steal and destroy Plaintiff's sealed, outgoing legal mail addressed to courts. Defendants encouraged BOP to steal and destroy two witness affidavits mailed to Plaintiff from federal prisons by Travis Gorby in 2004.

9. In August 2004, all Defendants contacted BOP to have 100% of the funds in Plaintiff's inmate account stolen, and all incoming postal money orders from his mother hidden, to deny him commissary, phone and law library services.

10. In the winter of 2003-04, all Defendants threatened or intimidated Plaintiff's case manager, Alison Henry of FCI Otisville, into denying him community confinement during the last 10% of his sentence.

11. In the summer of 2004, all Defendants again intimidated Alison Henry into denying Plaintiff a halfway house, when his entitlement to it arose a second time.

12. In the summer of 2004, all Defendants intimidated BOP's N.E. Regional Office into seizing Plaintiff's property for the remainder of his term, designating him to the wrong facilities, and forcing him to serve his final two months in a filthy, damp segregation cell for no valid reason.

13. In April 2004, all Defendants, using Marshals as messengers, contacted Judge Irenas in Camden, N.J., and coerced him to wrongly sentencing Plaintiff under an incorrect legal standard, to add nine months to his jail term.

14. In the winter of 2004-05, all Defendants persuaded the Marshals in Tucson, Arizona, to intercept and steal Plaintiff's outgoing, sealed legal mail, to obstruct his access to federal courts.

15. In the winter of 2004-05, all Defendants have threatened the U.S. Probation Office in Tucson into denying Plaintiff the same fair and impartial treatment enjoyed by all other Arizona probationers, so that his liberty would

be severely and unduly restricted, more so than any other releasee's.

16. In February 2005, all Defendants contacted Judge Edward C. Clifton of R.I. Superior Court and persuaded him to make corrupt, dishonest and fraudulent rulings in Plaintiff's state postconviction case, No. PM 01-1305, resulting in its wrongful and premature dismissal.

17. In the winter of 2005, all Defendants assembled a "goon squad" of Marshals and probation officers to stalk Plaintiff by intercepting his phone calls and mail and invading his privacy, and sabotaging his pending opportunities for Section 8 housing in Rhode Island.

18. On a date uncertain, subsequent to 1999, Defendant Lovegreen bribed Plaintiff's court-appointed attorney, Ed Roy, into acting against the client's interests by rigging his concurrent sentences to operate consecutively, and by circulating the client's confidential attorney-client communications to law enforcement without legal excuse. Lovegreen promised Roy 200% of his standard fee, and agreed to exert influence to have Roy appointed Federal Public Defender in 2003.

19. Defendant Lovegreen persuaded Ed Roy to commit perjury in a Sept. 2000 affidavit, and in his trial testimony at Camden in November 2001, to prevent enforcement of Plaintiff's constitutional rights.

20. Defendants have a rabid and unnatural hatred of Plaintiff for telling the truth about government corruption in Rhode Island and for criticizing bad judges, consistent with the First Amendment. Defendants' conduct has been motivated by their desire to silence Plaintiff and to retaliate against him for his speech.

21. Since 2003, all Defendants have actively interferred with Plaintiff's right to travel, to secure housing, to possess his belongings, and to live in Rhode Island. In so doing, Defendants have acted in the clear absence of jurisdiction and venue, and without judicial authority.

22. Plaintiff will continue to suffer irreparable harm and deprivation of constitutional rights until and unless this court restrains Defendants' unlawful conduct. Defendants are psychotic, disturbed, nihilistic and intending to harm Plaintiff in the near future to keep him out of Rhode Island. Defendants pose a serious and immediate threat to him.

23. Upon information and belief, in doing the above acts, Defendants were also motivated by their receipt of a bribe from Mr. & Mrs. Robert Punch of Attleboro, who have friends in the R.I. judiciary and don't want Plaintiff living near them.

WHEREFORE, Plaintiff demands Judgment as follows:

A. That this court temporarily and permanently restain Defendants and their agents from continuing to interfere with Plaintiff's privacy, mail, phone calls, travel and housing;

B. That this court award compensatory money damages against Defendants, jointly and severally, on Plaintiff's behalf;

C. That this court find Defendants' conduct to be so oppressive, wanton and malicious as to justify imposition of punitive damages damages against them, jointly and severally;

D. For his costs of suit incurred and all attorneys' fees, if any;

E. That this court order such other and further relief as it may deem appropriate;

F. Plaintiff requests trial by jury.

PLAINTIFF, PRO SE,

Arthur D'Amario, III
1488 W. Camino de la Oca
Green Valley, AZ 85614

I declare under penalty of perjury that the foregoing is true.

Executed on: March 22, 2005.